UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
10-CR-230S

v.

RODRIGUEZ BROWN,

                Defendant.

**I.    INTRODUCTION**

Pending before the Court is a motion (Dkt. No. 51) by defendant Rodriguez Brown for reconsideration of detention and release on reasonable bail conditions. Defendant has been in custody since April 25, 2012, when the Court found probable cause to believe that he tampered or attempted to tamper with a witness in violation of 18 U.S.C. § 1512(b)(1). The Court's finding led to a revocation of bail under 18 U.S.C. § 3148(b)(1)(A). Defendant now seeks reconsideration on several grounds, including that he had not violated any conditions of release for 19 months between August 24, 2010 and April 13, 2012; and that the accusation of witness tampering is not true because the witness in question contacted defendant and not vice versa. The Government opposes release, arguing that defendant has no material information that has changed since his bail revocation hearing on April 25, 2012. The United States Probation Office ("USPO") recommends continued detention.

The Court held oral argument on August 28, 2012. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

The core of this case concerns allegations of drug possession and distribution, along with unlawful firearm possession. The original indictment, filed on August 10, 2010, contained five counts plus a forfeiture allegation. In short, the Government in these counts accused defendant of possession and distribution of five grams or more of cocaine base on different occasions, each time in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); accused defendant of maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1); and accused defendant of being a felon in possession of a shotgun and of shotgun ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court arraigned defendant on August 24, 2010 and released him that day under a combination of conditions.

The Government added another dimension to this case a few months ago when it acted on information suggesting that defendant engaged in witness tampering. On April 13, 2012, the Government filed a criminal complaint (Case No. 12-MJ-2053) accusing defendant of witness tampering in this case. According to the affidavit submitted in support of the complaint, defendant used an intermediary to reach out to an informant and to implore that person not to testify against him. In subsequent communications, defendant and the informant

allegedly hatched a plan in which defendant would pay the informant to contact defendant's attorney and to sign a statement recanting prior assertions about defendant selling crack cocaine.  Defendant and the informant agreed to meet on April 12, 2012 in the parking lot of a local grocery store to exchange money as part of the plan.  The informant allegedly had second thoughts about going through with the plan and alerted law enforcement agents.  On the arranged date, law enforcement agents intercepted the rendezvous between defendant and the informant and arrested defendant.  Among other information, defendant's girlfriend allegedly was with defendant at the rendezvous, with cash on hand to make a down payment toward the change in the informant's testimony.  The superseding indictment in this case followed on April 24, 2012; it included all of the previous counts but also added one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1) and one count giving defendant notice of a potential criminal offense that occurred while on bail, pursuant to 18 U.S.C. § 3147(1).  On April 25, 2012, the Court arraigned defendant on the superseding indictment and also held a detention hearing.  At the end of the hearing, the Court found probable cause, under 18 U.S.C. § 3148(b)(1)(A), to believe that defendant committed a federal offense while on bail.  The Court revoked bail and ordered defendant remanded to the custody of the United States Marshals.

On August 8, 2012, defendant filed the pending motion for reconsideration and for release on reasonable conditions.   In support of his motion, defendant

argues that he has several pieces of new information that support revisiting his detention status.  Defendant argues that the Government has not proven that he is a flight risk or that he would pose a danger to the community.  Defendant emphasizes that, between August 24, 2010 and April 13, 2012, defendant abided by all conditions of his release and did not pose a danger to anyone.  Defendant asserts that the allegation of witness tampering is not true because the informant contacted him and not vice versa; defendant combines this information with his argument that no one ever instructed him to avoid communication with the informant.  Finally, defendant proposes a residence to which he can be released and emphasizes that he has a job opportunity waiting for him if released.

     The Government opposes defendant's release, contending that defendant has not offered any information that he did not know when the Court held the detention hearing on April 25, 2012.  The USPO has submitted a memorandum, dated August 9, 2012, emphasizing that the alleged witness tampering occurred while defendant was on pretrial release.  The USPO also has expressed concern about the inadequacy of any conditions of release, given that the conditions of release that defendant has proposed would not have stopped the telephone communications that allegedly occurred between him and the informant earlier this year.

## III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's

5

dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him previously that would warrant a change in his custody status. The Court previously found probable cause to believe that defendant committed a federal offense while on pretrial release. The Court made that finding based on

information that the informant passed on to law enforcement agents and based on the interception of the rendezvous between defendant and the informant on April 12, 2012. Without infringing on the presumption of innocence, defendant has not presented new information that would call into question whether he was arrested in a grocery store parking lot on April 12, 2012 with cash on hand to give to an informant, who would then alter prior testimony. Defendant has submitted his assessment of the strength of the witness-tampering allegations, focusing on the hearsay nature of certain statements that the informant disclosed to law enforcement agents. "Nevertheless, while a movant may certainly (and usually will) become aware of new evidence as a result of discovery or investigation, and that evidence will almost certainly bear on at least the 'weight of the evidence' and 'nature of the charge' factors considered during a detention review, this Court believes that Congress intended new information to signify something other than a defendant's own evaluation of the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 239 (D.P.R. 2009) (citations omitted); *accord U.S. v. Beutler*, No. 09-CR-96S, 2011 WL 3321374, at *2 (W.D.N.Y. Aug. 2, 2011) (McCarthy, *M.J.*). The Court does not find the need to revisit detention in the absence of new information.

Although the Court finds that defendant has not presented any new information, one new argument from him warrants a brief comment. Among other

points, defendant argues in his motion that the witness-tampering charge against him is not true if only because the informant allegedly initiated contact and because neither the Government nor the Court ever prohibited contact between defendant and the informant.  Who initiated contact and whether specific prohibitions on communication existed appear to be irrelevant under the witness-tampering statute.  Section 1512(b)(1) punishes anyone who "knowingly . . . corruptly persuades another person, or attempts to do so . . . , with intent to influence, delay, or prevent the testimony of any person in an official proceeding . . . ."  "To 'corruptly persuade' means to act knowingly with a wrongful, immoral or evil purpose to convince or induce another person to engage in certain conduct."  2-46 Leonard B. Sand et al., *Modern Federal Jury Instructions—Criminal* § 46.05 (Lexis 2012); *see also Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 706 (2005) ("Only persons conscious of wrongdoing can be said to knowingly corruptly persuade.") (internal quotation marks and editorial marks omitted); *U.S. v. Johnson*, 968 F.2d 208, 213 (2d Cir. 1992) ("The government's burden here was to prove, beyond a reasonable doubt, that [defendant's] conduct was undertaken with the intent to cause [the witnesses] to withhold testimony or other evidence from his trial.").  Here, the Court found probable cause to believe that defendant knowingly set up a rendezvous with the informant with intent to pay the informant to recant prior testimony against him.  Those findings sufficed, under the burden of proof for bail violations, to satisfy all

of the elements of a violation of Section 1512(b)(1).  The Court cannot find any

aspect of the statute that suggests that the exact sequence of communications

between a defendant and a witness could nullify an otherwise established finding

that the defendant paid the witness to alter testimony.  *Cf. U.S. v. Silas*, 81 Fed.

App'x 758, 760, 2003 WL 22871889, at *2 (3d Cir. Dec. 4, 2003) (unpublished)

(affirming a witness-tampering conviction where the witness initiated

communication).  Even at an eventual trial of this case, the higher burden of proof

would affect the quantity and quality of available evidence, but would not add new

elements to that burden with respect to the sequence of communications.  The

Court thus rejects defendant's argument that who contacted whom first affects

the Court's finding of a bail violation.

**IV.    CONCLUSION**

For all of the foregoing reasons, the Court denies defendant's motion for

reconsideration (Dkt. No. 51).  Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General

for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded

reasonable opportunity for private consultation with counsel.  Additionally, on

order of the Court or on request of an attorney for the Government, the person in

charge of the corrections facility in which defendant is confined shall deliver

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

_/s Hugh B. Scott_
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: September 17, 2012